IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NELLIE G. LOPEZ,

                    **Plaintiff,**

vs.                                               No. CIV 07-932 WDS

MICHAEL J. ASTRUE, Commissioner
of Social Security,

                    **Defendant.**

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** came before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing. [Docket # 16]  Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security, who determined that Plaintiff was not under a "disability" as defined in the Social Security Act.  The Court, having considered Plaintiff's Motion and Memorandum Brief [docket # 17], Defendant's Response [docket # 19], Plaintiff's Reply [docket # 21], the administrative record and applicable law, finds that Plaintiff's Motion should be **DENIED,** and that this matter should be dismissed with prejudice.

## I.  Background

Plaintiff, who was born on January 30, 1973, worked as a binder, grocery sacker, cashier and caregiver before the onset of her alleged disability. Plaintiff filed her initial application for benefits on November 19, 2002.  Tr. 57.  Plaintiff alleged that she became unable to work as a result of her disabling conditions on September 1, 1999.  Tr. 59.  After Plaintiff's application was denied at the administrative hearing level, it was remanded by the Appeals Council on November 15, 2005 for a rehearing.  Tr. 224-226. Meanwhile, Plaintiff had filed a second application, which was

consolidated with the first for the rehearing.  Tr. 16.

On remand, the hearing before the ALJ was held on August 1, 2006, at which Plaintiff appeared and was represented by a non-attorney. Tr. 440.  Plaintiff alleged that she was disabled primarily as a result of pain in her knees and back, as well as depression.  Tr. 444-450.  In a decision dated October 27, 2006, the ALJ denied Plaintiff's claim.  Tr. 13-24.  Plaintiff then filed a request for review with the Appeals Council on December 13, 2006.  Tr. 12.  The Appeals Council denied Plaintiff's request for review on August 11, 2007, Tr. 8-10, and thereby rendered the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner").  *See* 20 C.F.R. §§ 404.981, 416.1481

Plaintiff filed this action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).  After consent by the parties, this case was reassigned to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## II.  Standard of Review

This Court may only review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied.  *Andrade v. Secretary of Health & Human Servs.,* 985 F.2d 1045, 1047 (10th Cir. 1993).  In determining whether the Commissioner's findings are supported by substantial evidence, the Court should not re-weigh the evidence, nor should it substitute its judgment for that of the Commissioner.  *Glass v. Shalala,* 43 F.3d 1392, 1395 (10th Cir. 1994).  Instead, the Court should meticulously examine the record to determine whether the Commissioner's decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir. 1993).  The "substantial evidence" standard is satisfied by more than a scintilla, but less than a preponderance, of evidence.  *Id.*  However, evidence is not substantial if it is

2

overwhelmed by other evidence or if it constitutes a mere conclusion.  *Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir. 1989).

A sequential five-step analysis applies in determining whether an adult claimant is disabled and entitled to benefits under the Social Security Act.  *See Williams,* 844 F.2d at 750-52; 20 C.F.R. §§ 404.1520, 416.920.  First, the question is whether the claimant is engaged in substantial gainful activity.  *Williams,* 844 F.2d at 750.  If so, the claimant is not disabled; if not, the analysis proceeds to step two.  *Id.*  At the second step, the question is whether the claimant has an impairment or combination of impairments that is severe.  *Id.*  If not, the claimant is not disabled; however, if the claimant makes the required showing of severity, the analysis proceeds to step three.  *Id.* at 750-51. At step three, the question is whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed at Appendix 1, Subpart P, of 20 C.F.R. Part 404 ("Listings" or "Listed Impairment").  *Id.* at 751.  If so, the impairment is considered to be presumptively disabling.  *Id.*  If not, the analysis proceeds to step four, where the question is whether the impairment prevents the claimant from doing past work.  *Id.*  The claimant is not disabled if he or she can perform past work.  *Id.*  If the claimant cannot perform past work, the analysis proceeds to step five, where the burden shifts to the Commissioner to establish that the claimant has the residual functional capacity ("RFC") "to perform other work in the national economy in view of his age, education and work experience."  *Id.* (quoting *Bowen v. Yuckert,* 482 U.S. 137, 142 (1987)). The claimant is entitled to benefits unless the Commissioner establishes that the claimant can "perform an alternative work activity and that this specific type of job exists in the national economy."  *Id.* (quoting *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984)).

### III.  Summary of the ALJ's Decision

At step one of the sequential five-step analysis, the ALJ found that Plaintiff had not engaged

in substantial gainful activity since her alleged onset date.  Tr. 18.  The ALJ found at step two that

Plaintiff had the severe impairments of degenerative disc disease in the lumbar spine with herniated

disc and chronic lower back pain, chondromalacia in both knees and major depressive disorder.  Tr.

18.  However, the ALJ found at step three that Plaintiff's impairments were not severe enough to

meet any of the Listings.  Tr.  18.  At step four, the ALJ concluded that Plaintiff retained the RFC

to perform sedentary work activities as follows:

> She is able to lift 20 pounds occasionally and 10 pounds frequently, stand or walk
> up to two hours in an eight-hour day, sit for up to 6 hours in an eight-hour day, and
> she is unable to push/pull with the lower extremities.  She can occasionally stoop,
> squat, crouch, kneel, climb, or balance.  She is unable to understand, remember, and
> carrying (sic) out complex job instructions.

Tr. 19.  Given this RFC assessment, the ALJ found that Plaintiff could perform her past relevant

work as a cashier.  Tr. 23.  The ALJ also made the step five finding that there were a significant

number of jobs available in the economy that Plaintiff could perform, including laminator, security

system monitor, and telephone information clerk.  Tr. 24.

Plaintiff contends that the ALJ erred in failing to properly consider the opinions of treating

doctors, erred in concluding that Plaintiff could return to her previous work as a cashier, made

erroneous credibility findings, accepted improper vocational expert testimony, and improperly

considered Plaintiff's mental impairment.

## IV.  Discussion

### 1.  Did the ALJ Commit Error By Improperly Considering the Opinions of Treating Doctors?

Plaintiff alleges that the ALJ's analysis of the opinions of Dr. Jain and Dr. Davis was

error.  Plaintiff alleges that the ALJ improperly performed the analysis called for by *Winfrey v.*

*Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996).

4

A treating physician may offer an opinion which reflects a judgment about the nature and severity of the claimant's impairments including the claimant's symptoms, diagnosis and prognosis, and any physical or mental restrictions.  20 C.F.R. 404.1527(a)(2), 416.927(a)(2).  The Secretary will give controlling weight to that type of opinion if it is well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record. 20 C.F.R. 404.1527(d)(2), 416.927(d)(2).  A treating physician may also proffer an opinion that a claimant is totally disabled.  That opinion is not dispositive because final responsibility for determining the ultimate issue of disability is reserved to the Secretary.  20 C.F.R. 404.1527(e)(2), 416.927(e)(2);  *Castellano v. Secretary of Health & Human Servs*., 26 F.3d 1027 (10th Cir. 1994)

The *Winfrey* requirements regarding how medical source opinions must be assessed apply only to medical opinions.  20 C.F.R. 404.1527(d), 416.927(d).  In contrast, an extra-medical opinion is "not given any special significance" in the disability analysis.  20 C.F.R. 404.1527(e)(3), 416.927(e)(3); see Social Security Ruling (SSR) 96-5p, 1996 WL 374183, at *5 ("even when offered by a treating source, [bald opinions regarding disability] can never be entitled to controlling weight or given any special significance").

Dr. Jain's statement regarding Plaintiff's disability was as follows: "At present she is disabled due to weakness and pain of right leg.  Due to disk herniations."  Tr. 202.  Doctor Jain's opinion does not address any particular functional limitations associated with Plaintiff's condition. There are no findings of any substance relating to such relevant capacities as the ability to sit, stand, walk, lift, and carry.  There is only the bald conclusion that Plaintiff is disabled.  Whether an individual is "disabled" for Social Security purposes requires an assessment of interrelated medical, educational, and vocational factors.  The ALJ considered Dr. Jain's assertion of disability in somewhat of a hybrid manner, stating that his opinion that Plaintiff was disabled due to disc

herniations was inconsistent with the medical evidence, and also stating that the question of disability is reserved for the Commissioner. Tr. 22. As a non-medical opinion, the statement was not entitled to "any special significance" in the disability analysis, and accordingly the ALJ's failure to more thoroughly address the *Winfrey* factors was not error.

On August 24, 2006 Dr. Davis filled out a Social Security Disability Questionnaire. Tr. 356. The ALJ determined that Dr. Davis' evaluation was both inconsistent with his prior treatment of the Plaintiff, and not supported by the overall medical evidence. Tr. 22. The ALJ found that Dr. Davis' treatment records from 2004 indicated that the Plaintiff's knees had good range of motion and strength. Tr. 20, 22. Plaintiff identifies other records from Dr. Davis and claims that those records support his finding of disability. The first is a History and Physical dated May 21, 2003. Tr. 172. Plaintiff highlights her complaints at that time about her left knee, but the Court notes that this record predated her left knee arthroscopy. The record does note that Plaintiff's right knee was doing well after video arthroscopy.

Second is a treatment record for three office visits to Dr. Davis in late 2002. Tr. 173. Again, her right knee, post-video arthroscopy, was "doing well." Her left knee was doing reasonably well with a knee cage brace. Finally, the Plaintiff cites 2004 office notes that indicate that Plaintiff's knee inflammation was stable and that she was continuing strengthening exercises (March 25, 2004); that she had improved using knee cage braces and was happy (April 16, 2004); that she had bilateral patellar tendonitis with tenderness, possibly from over-use, with no swelling or erythma; (May 14, 2004); and that she had left patellar tendonitis and could not flex her knee through more than 45 degrees without discomfort, with evidence of instability (May 21, 2004). Tr. 201. Notably, it was at this final office visit that the Plaintiff told Dr. Davis that she was unable to work, and he agreed to provide a letter for her.

The records cited by Plaintiff do not persuade the Court that the ALJ erred by not giving controlling weight to Dr. Davis' opinion regarding Plaintiff's physical limitations.  The ALJ properly followed the prescribed regulatory process for evaluating what weight to give Dr. Davis' opinion, and given the evidence cited, the Court cannot say the cited reasons for doing so are bereft of substantial evidence. "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). *See also Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (stating ALJ "provided good reasons" for giving little weight to treating physicians' opinions: they did not consider contrary evidence and they conflicted with well-supported medical evidence to the contrary); *White v. Barnhart,* 287 F.3d 903, 908 (10th Cir. 2001) (stating sufficient reasons to disregard physician's opinion included lack of support for findings, opinion was inconsistent with other medical opinions, and treatment relationship with claimant was relatively brief).

**2.  Was the ALJ's Assessment of Plaintiff's Credibility Erroneous**

Plaintiff alleges that the ALJ committed error by finding Plaintiff's subjective complaints of pain and disability to be not fully credible.  Plaintiff alleges that the ALJ's credibility finding was unsupported by the evidence.  A two-part inquiry applies in assessing functional limitations that result from pain.  First, the ALJ need not even consider the claimant's subjective pain testimony unless the claimant proves by objective medical evidence that he or she has an impairment that could reasonably be expected to produce pain.  *Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993)(citing *Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987)).  Second, where a claimant has established by objective medical evidence that he has an impairment that could reasonably be expected to produce pain, the ALJ must consider all of the evidence to decide whether he believes

7

the claimant's allegations about the functional limitations that result from the pain.  *See* 20 C.F.R. §404.1529; *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir. 1995).  The ALJ clearly found in Plaintiff's favor at step one of this analysis.  At step two the ALJ accepted Plaintiff's testimony to a certain extent, as reflected in the RFC determination.  Thus, the question is whether there is substantial evidence to support the ALJ's step two determination that Plaintiff's testimony about her functional limitations was not fully credible.

The ALJ found that the "claimant's statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely credible."  Tr. 19.  As support for this conclusion, the ALJ pointed to Plaintiff's daily activities, noting that they were not as limited to the extent one would expect, given her subjective complaints of disabling symptoms and limitations.  Tr. 22.  The ALJ noted that Plaintiff was able to take care of her young daughter as well as both of her parents, who were dependant on her.  Id.  The ALJ also cited medical evidence showing that Plaintiff had successfully completed physical therapy for her left knee, Tr. 20, and had full range of motion.  Tr. 20.  The ALJ also noted, in connection with Plaintiff's mental impairments, that she was doing well on medication, Tr. 23, and had no problems being around people or visiting friends and relatives.  Tr. 22.  Finally, the ALJ cited the state agency medical consultants, who concluded that Plaintiff could perform sedentary types of work.  Tr. 22.

The Court finds that there is substantial evidence to support the ALJ's conclusion that Plaintiff's subjective complaints of pain were not fully credible.  It is, of course, fully within the discretion of the ALJ to accept all, part, or none of the testimony of a claimant:

> In making a finding about the credibility of an individual's statements, the adjudicator need not totally accept or totally reject the individual's statements. Based on a consideration of all of the evidence in the case record,  the adjudicator may find

all, only some, or none of an individual's allegations to be credible. The adjudicator

may also find an individual's statements, such as statements about the extent of

functional limitations or restrictions due to pain or other symptoms, to be credible

to a certain degree.

- SSR-96-7p. Accordingly, the Court finds that Plaintiff's objections to the ALJ's credibility

determination are not well taken.

## 3.   Whether the ALJ Erred in Evaluating Plaintiff's RFC at Step Four of the Sequential Analysis

Assessment of a claimant's physical and mental residual functional capacity is undertaken

at step four of the sequential analysis.  *See Winfrey v. Chater,* 92 F.3d 1017, 1023 (10th Cir. 1996).

Plaintiff contends that the ALJ erred in evaluating Plaintiff's RFC by limiting her to simple work.

Plaintiff alleges that further limitations should have been found based on Plaintiff's major depressive

disorder.   Plaintiff alleges that the ALJ found her mental impairment to be severe at step two but

failed to include the impairment in the hypothetical question to the vocational expert at step five.

Plaintiff's objection is not well taken.  Plaintiff's RFC included a limitation to simple,

repetitive tasks.  The limitation reflects the ALJ's assessment that, while Plaintiff experienced

depression, she was doing well on medication and experiencing very mild symptoms.  Tr. 23.

Plaintiff does not point to medical evidence in the record supporting a more dire assessment of

Plaintiff's mental condition.  Nor does Plaintiff identify the mental limitations that allegedly should

have been included in the hypothetical to the vocational expert.  The ALJ's inclusion of a limitation

to simple, repetitive tasks is clearly a mental, not physical limitation, and it is supported by

substantial credible evidence in the record.

## 4.   Whether the ALJ's Reliance on Vocational Expert Testimony at Step Five was Reversible Error.

Plaintiff alleges that she is unable to perform any of the three jobs identified by the vocational expert at step five. These jobs included surveillance system monitor, laminator, and telephone information clerk. The VE testified that there were 4,000 surveillance system monitor jobs in Texas and New Mexico. Plaintiff argues that it is "highly unlikely" that there could be that many jobs in that area. Plaintiff, however, has provided no evidence to support her contention.

Plaintiff also questions whether she could perform the job of telephone information clerk. The job has a Specific Vocational Preparation (SVP) rating of 2, but Plaintiff points to the Level 3 requirement for "Reasoning," claiming that that is incompatible with a person who is limited to simple, routine tasks. Plaintiff's RFC, however, did not limit her to simple, routine tasks. Plaintiff's RFC provides that she is unable to understand, remember and carry out complex job instructions. A job with a SVP of 2 and a reasoning level of three cannot be categorized as "complex." Plaintiff's objection is not well taken.

Finally, Plaintiff objects to the laminator position on the basis that the "existence of only one unskilled sedentary job. . . indicates that the full range of sedentary work is significantly eroded." First, in view of the Court's ruling above, it is not true that there is only one unskilled sedentary job available. Furthermore, the VE did not testify that the three jobs he identified were the *only* jobs available for Plaintiff. In any event, the Court finds that the ALJ properly relied on the VE's testimony at step five to conclude that there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform. Tr. 23

**5. Whether the ALJ Erred in Finding at Step Four That Plaintiff Could Perform Her Past Relevant Work as Cashier.**

In view of the findings above, the Court declines to address the propriety of the ALJ's step

four findings.

## V.  Conclusion

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reverse and Remand for a

Rehearing [docket #16] is **DENIED,** and this matter is dismissed with prejudice.

_____
**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**