IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**NELLIE G. LOPEZ,**

**Plaintiff,**

**vs.**                                           **07CV932     WDS**

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**

### ORDER AUTHORIZING ATTORNEY
### FEES UNDER 42 U.S.C. § 406(b)

THIS MATTER is before the Court upon Plaintiff's Motion for an Order Authorizing Attorney Fees. (Doc. No. 33) In response, Defendant has asserted that the Commissioner declines to assert a position on the reasonableness of Plaintiff's request, as he is not the true party in interest. *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n. 6 (2002) (the Commissioner "has no direct financial stake in the answer to the § 406(b) question; instead, [he] plays a part in the fee determination resembling that of a trustee for the claimants.").

When considering a motion for legal fees under § 406(b), the Court is obligated to review for reasonableness fees yielded by contingent fee agreements between claimants and counsel. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-809 (2002)  In determining reasonableness, the Court must evaluate the character of the attorney's representation and the results the representation achieved. See, e.g., *Lewis v. Secretary of Health and Human Services*, 707 F.2d 246, 249-250 (CA6 1983)(instructing reduced fee when representation is substandard). Deductions generally should fall into two categories: 1) those occasioned by

improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended.  *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989)  If the attorney is responsible for delay, for example, a reduction is in order because the amount of back benefits due to a successful claimant will increase with the passage of time, thereby increasing the contingent fee.  See e.g., *Blankenship v. Gardner*, 256 F. Supp. 405, 416 (W.D. Va. 1966) ("It will always be of financial benefit to the lawyer to delay the case as much as possible so that the accumulated benefits in which he is to share will be larger")  If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order and the court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent- fee cases.  535 U.S. at 808.

In this case the total back benefits accumulated for Ms. Lopez amount to $40,180.20. Twenty-five percent of that amount is $10,045.05. A 42 U.S.C. § 406(a) fee of $6,000.00 has been approved and paid.  Subtracting that amount from $10,045.05, $4,045.05 remains at issue under the 25% ceiling. Considering the "Blankenship" factors of time and labor required; skill required; contingency of fee; amount involved and results attained; experience, reputation and ability of attorney; and awards in similar cases, the Court has little difficulty concluding that payment of the full 25% contingency fee in this case is reasonable.

Plaintiff's counsel put substantial time and effort into the matter, including an appeal to the Tenth Circuit.  While Plaintiff's disability claim has been pending for some time, the Court sees no evidence that Plaintiff's counsel was responsible for any delay.

Notwithstanding the amount of time spent litigating the case, the total award of back benefits is not particularly large, and the total contingency fee of $10,045.05 can in no way be considered a "windfall."

IT IS THEREFORE ORDERED that Plaintiff's Motion for an Order Authorizing Attorney Fees is granted, and Plaintiff's counsel is authorized to receive $4,709.25 in attorney fees pursuant to 42 U.S.C. § 406(b)(1) for his services before this court.

_____
W. Daniel Schneider
UNITED STATES MAGISTRATE JUDGE